**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AIMER THOMAS KATO,

          Petitioner,

v.                                                                    Case No. 12-cv-13372
                                               Honorable Denise Page Hood

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

          Respondent.

_____/

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING**
**PETITION TO CHANGE DATE OF BIRTH ON NATURALIZATION CERTIFICATE**

      Petitioner Aimer Thomas Kato requests that the Court correct his birth date on his Certificate of Naturalization. Respondent United States Citizenship and Immigration Services moves the Court to dismiss the complaint for lack of subject matter jurisdiction. For the reasons stated below, Respondent's Motion to Dismiss is DENIED and the Petition to Change Date of Birth on Naturalization Certificate is GRANTED.

**I.**

      Aimer Thomas Kato was born in Iraq. In July 1968, Kato's father, a United States permanent resident, filed a "Petition to Classify Status of Alien Relative for Issuance of Immigrant Visa" for Kato; he listed Kato's birthday as April 26, 1943. Upon entry into the United States in November 1969, Kato completed an Application for Immigrant Visa and Alien Registration, which listed his birthday as April 26, 1943.

      In 1975, Petitioner completed paperwork for a application for Certificate of Naturalization. "Petitioner expresses that he was overly excited at the fact that he was going to become a United

States citizen, and whenever he writes the number '3' in a hurry, it looks like a '7'." This caused Kato to state that his birthday was April 26, 1947. The Application to File Petition for Naturalization indicates that Kato was born in 1943. However, "43" is scratched out with red ink and "1947" is replaced as the year of birth; the INS employee changed the year on Kato's application. Kato signed the affidavit attesting that the application was true to the best of his knowledge and that the corrections were made by him or at his request. Kato alleges that the INS worker indicated that the incorrect birth date would not affect him. Kato later signed a typed Petition for Naturalization with the 1947 birth year.

Kato's Certificate of Naturalization and Michigan Driver's License have the year of birth as 1947. The Social Security Administration, using records "that were established before age 5, determined that Kato's date of birth is April 26, 1943. Kato desires to renew his Michigan driver's license but is unable to do so because of the incorrect date on his Certificate of Naturalization. Kato claims that he did not realize that there was a discrepancy until he was denied leave to renew his license. Kato filed a Petition to Change Date of Birth on Certificate of Naturalization on June 14, 2012. The United States Citizenship and Immigration Services (USCIS) filed a Motion to Dismiss on September 28, 2012.

## II.

Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. In a Rule 12(b)(1) motion, the plaintiff has the burden of proving that the Court has subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996). A Rule 12(b)(1) motion to dismiss are either based on a facial attack or a factual attack of the complaint. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th

Cir. 1990). In a facial attack, the Court considers the sufficiency of the complaint and must accept all factual allegations made therein as true unless clearly erroneous. *Id.* at 326. In contrast, a factual attack does not require the Court to take all factual allegations as true. *Id.* at 325. Rather, the Court must resolve any factual disputes and determine whether it in fact has subject matter jurisdiction. *Id.* USCIS indicates that it is making a facial attack.

## IV.

Kato brought his petition to amend the Certificate of Naturalization pursuant to 8 C.F.R. § 334.16. However, section 334.16 was repealed in November 2011. *See* 7 Fed. Reg. 53764, 53801 (Aug. 29, 2011). However, the Court has jurisdiction to amend a pre-1990 naturalization order. *Shrewberry v. INS*, 77 F.3d 490 (9th Cir. 1996). "Prior to the enactment of . . . [the Immigration and Naturalization Act of 1990], district courts had jurisdiction to naturalize citizens and also had statutory authority to amend naturalization orders. Because the order naturalizing this petitioner was a court order, the court [has] jurisdiction under the prior statute to amend it." *Id.*

Courts have granted petitions to amend naturalization certificates when :

(1) there is clear and convincing evidence that the birth date on the certificate of naturalization is wrong; (2) there is little or no evidence that the petitioner acted fraudulently or in bad faith either when he or she initially provided the incorrect birth date to immigration authorities or when he or she later sought to amend the certificate of naturalization; and (3) there is reliable evidence supporting the birth date that the petitioner now alleges is correct.

*Hussain v. U.S. Citizenship & Immigration Servs.*, 541 F.Supp.2d 1082, 1087 (D. Minn. 2008) (collecting cases); *see also Hamama v. U.S. Citizenship & Immigration Servs.*, 2013 U.S. Dist. LEXIS 4951 (E.D. Mich. Jan. 14, 2013) (Steeh, J.) (directing USCIS to issue an amended certificate of naturalization when there was no indication of fraud and petitioner provided "numerous" documents attesting to her correct birth date). Petitions to amend were even granted "when the

3

petitioner admitted that he knew that the date of birth that he supplied to the United States immigration official was not correct." *Hussain*, 541 F.Supp.2d at 1087.

The Court finds that an amendment is appropriate under the circumstances of this case. First, Kato has provided sufficient evidence that his correct birth date is April 26, 1943 and not April 26, 1947. *See Kennedy v. U.S. Citizenship & Immigration Servs.*, 871 F.Supp.2d 996, 1008–10 (N.D. Ca. 2012) (denying petition to amend when petitioner only provided unauthenticated Vietnamese birth certificate). The Social Security Administration verified from documents originating before Kato was five that Kato's birth date is April 26, 1943. Kato has also provided his baptismal records, the visa petition filed by his father, and the application for immigrant visa and alien registration, which all show that his birth date is April 26, 1943.

Second, although Kato has maintained a driver's license with the April 26, 1947 birth date for more than thirty years, the record is not indicative of fraudulent activity. *See Shrewberry*, 77 F.3d 490 (denying petition to amend when petitioner admitted that she changed her birth date in order to marry and enter the United States as the wife of a United States citizen). The birth date for the application for naturalization was changed by someone other than Kato. The INS worker who changed the application explained that the change would not affect Kato. Even if the Court does not accept Kato's allegation that he disclosed that it was the wrong birth date to the INS worker and he or she did not change it, there is still no showing of an intent to deceive.

**V.**

Accordingly,

IT IS ORDERED that the United States Citizenship and Immigration Services' Motion to Dismiss [Docket No. 8, filed September 28, 2012] is DENIED.

4

IT IS FURTHER ORDERED that Aimer Thomas Kato's Petition to Change Date of Birth on Certificate of Naturalization [Docket No. 1, filed June 14, 2012] is GRANTED.  The USCIS is directed to issue an amended certificate of naturalization stating that petitioner Aimer Thomas Kato's birth date is April 26, 1943.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  April 18, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 18, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager